# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Victor Joe Potter,<br><br>　　　Petitioner<br><br>v.<br><br>Brian Williams,<br><br>　　　Respondent | Case No.: 2:19-cv-01875-JAD-VCF<br><br>**Order Screening Petition, Denying Request for Appointment of Counsel, and Directing Petitioner to file an Amended Petition**<br><br>[ECF Nos. 1-1, 1-3] |

Pro se habeas petitioner Victor Joe Potter brings this action to challenge his Nevada state conviction for theft of scrap metal. Potter has paid the required fee,[1] permitting this action to move forward. But having reviewed Potter's petition, the court finds that it is plagued with problems, so the court directs Potter to file an amended petition by January 11, 2020, or this action will be dismissed.

## DISCUSSION

**A.	The Petition [ECF No. 1-1]**

The court has conducted a preliminary review of the petition as required by Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. While the petition ostensibly contains cognizable grounds for habeas relief, petitioner has drafted the petition in a manner that precludes orderly adjudication of his claims. For one, petitioner includes, throughout his petition, a lot of confusing, extraneous, and duplicative information in attempting to plead his claims. For example, petitioner appears to be raising an Eighth Amendment claim for cruel and

---

[1] ECF No. 4.

unusual punishment in Ground One, but he also includes a recitation of the claims he raised in his first state post-conviction proceeding, additional procedural history, and a reference to the state court's improper denial of his "related IAC and other claims."[2] The latter information is not germane to petitioner's Eighth Amendment claim and confuses the issue petitioner seeks to present.

Petitioner has also formatted his petition to contain five "grounds,' but under each ground he pleads and/or incorporates multiple claims within a single ground, usually without providing the necessary factual support for the claims. For example, petitioner states as part of Ground Two that he "now wishes to raise his pro se [state] petition issues as Ground 2 of this 2254 Petition."[3] Instead of being combined under one ground, each legally distinct claim for relief must be pleaded under a **separate** ground for relief and must include a **statement of the facts** (not a procedural history) supporting that particular claim for relief.

Because it appears that Potter may have tenable claims for relief, the court grants him an opportunity file an amended petition in a more manageable form.[4] Petitioner is advised to closely follow the instructions provided with the court's form petition for writ of habeas corpus, as well as the instructions on the form itself. In particular, he should note that every claim in which he contends there was a violation of his constitutional rights is a separate ground for relief and must be pleaded under a separately numbered ground in the form petition. In other words, each contention that petitioner believes to be sufficient for the court to grant relief is a

---

[2] ECF No. 1-1 at 8–10.

[3] *Id*. at 13.

[4] *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

claim/ground and must be separately presented, not mixed into the discussion of another claim/ground. Each ground also must include all the relevant facts that support it, but only those facts. Lastly, petitioner is not limited in the number grounds he may include in his federal petition, but federal habeas relief is not available for claims that have not been properly presented to the Nevada Supreme Court.

The court instructs petitioner to consider the matter carefully and to determine all possible claims for habeas corpus relief. If petitioner knows or learns of any exhausted or unexhausted claims which are not included in the present petition, petitioner should include these additional claims in his amended petition. Petitioner's failure to inform the court of these additional claims may prevent him from ever raising these claims in the future.

**B.    Motion for appointment of counsel [ECF No. 1-3]**

Petitioner also moves for the appointment of counsel. Under 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[5] The decision to appoint counsel is generally discretionary.[6] However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.[7]

---

[5] *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[6] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

[7] *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

At this point, the issues in this case are not particularly complex. It thus does not appear that appointment of counsel is warranted in this instance. Petitioner's motion for the appointment of counsel is therefore denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that the Clerk of Court is directed to FILE the petition for writ of habeas corpus (with exhibits) and the motion for appointment of counsel; the Clerk is directed **not to serve** the respondents at this time.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel **[ECF No. 1-3] is DENIED.**

IT IS FURTHER ORDERED that **petitioner has until January 11, 2020, to file with the court an amended petition that corrects the deficiencies identified in this order.** Petitioner must include in that amended petition any and all additional claims for habeas corpus relief of which he is aware. If petitioner fails to respond to this order in the time and manner provided above, the court will conclude that petitioner does not desire to pursue this matter and will enter an order dismissing this case without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to SEND petitioner a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his initial habeas petition.

Dated: December 12, 2019

_____
U.S. District Judge Jennifer A. Dorsey